# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Anthony A. White, | : | Case No. 1:05CV2616 |
| | : | |
| Petitioner | : | Judge Christopher A. Boyko |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| David Bobby, Warden, | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this *pro se* action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his April 10, 2003 conviction pursuant to a jury trial of one count of aggravated robbery, with two firearm specifications, one notice of prior conviction specification, and one repeat violent offender specification, upon which he is currently serving a sentence of thirteen years incarceration.

Petitioner's conviction arose consequent to the early morning robbery of Mr. Timothy Gray in a parking garage.

Petitioner appealed his conviction to the Ohio Eighth District Court of Appeals, alleging four assignments of error:

      I.    EVIDENCE PRESENTED WAS INSUFFICIENT TO SUPPORT THE REPEAT VIOLENT OFFENDER SPECIFICATION AND NOTICE OF PRIOR CONVICTION SPECIFICATION.

1

>    II.   APPELLANT'S AGGRAVATED ROBBERY CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
>
>    III.  APPELLANT WAS DENIED A FAIR TRIAL AS A RESULT OF THE PROSECUTOR'S STATEMENTS DURING CROSS-EXAMINATION OF MR. WHITE WHICH CONSTITUTED PROSECUTORIAL MISCONDUCT.
>
>    IV.   THE TRIAL COURT IMPROPERLY SENTENCED APPELLANT TO THE MAXIMUM SENTENCE FOR AGGRAVATED ROBBERY WHERE THE RECORD DOES NOT SUPPORT THE COURT'S FINDINGS PURSUANT TO R.C. 2929.14(C).

On March 29, 2004 the state appellate court affirmed the judgment of conviction and sentence.

Petitioner did not appeal that decision to the Ohio Supreme Court within the prescribed time period. On October 28, 2004, he filed with the Ohio Supreme Court a notice of appeal and motion for delayed appeal, which that court denied on December, 15, 2004.

Just prior to that filing with the state supreme court, and more than six months after the Ohio Eighth District Court of Appeals issued its decision affirming his conviction and sentence, on October 18, 2004 petitioner filed *pro se* with that court an application to reopen his direct appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure, claiming that he had been denied the effective assistance of appellate counsel. On November 4, 2004 the appellate court denied petitioner's application to reopen his direct appeal.

Approximately five and a half months after the appellate court's denial of his application to reopen, on April 18, 2005 petitioner filed *pro se* with the state supreme court a notice of appeal and a motion for delayed appeal from that ruling, which was denied on June 29, 2005.

On April 19, 2005 petitioner filed with the trial court a delayed petition to vacate or set aside sentence pursuant to Ohio Revised Code Sections 2953.22 and 2953.23, in which he asserted the following claims:

1. The petitioner was denied due process of law guaranteed by the Fourteenth Amendment to the United States Constitution when the prosecution used perjured testimony, withheld evidence and caused the imprisonment of an actually innocent person.

2. Petitioner was denied his right to effective assistance of trial counsel as granted by the Sixth Amendment to the United States Constitution and Fourteenth Amendment and prejudice caused by this ineffectiveness resulted in a wrongful conviction.

3. An attorney shall deliver to the client all papers and property which the client is entitled.   And otherwise endeavoring to minimize the possibility of harm, this is also part of DR-2-110.

On June 8, 2005, the trial court denied the petition, with an additional journal entry filed on November 3, 2005 in response to a brief submitted by petitioner on May 20, 2005, which confirmed the prior denial of the post conviction petition to vacate or set aside sentence.  Petitioner did not file an appeal of the denial of the petition.

On November 8, 2005 petitioner filed the instant petition for writ of habeas corpus, in which he alleges the following three claims for relief:

**A. GROUND ONE:** Petitioner was denied due process of law guaranteed by the Fourteenth Amendment to the United States Constitution when the prosecution used perjured testimony, withheld evidence and caused the imprisonment of an actually innocent person.

**B. GROUND TWO:** Petitioner was denied his right to effective assistance of trial counsel as granted by the Sixth Amendment to the United States Constitution and Fourteenth Amendment and prejudice caused by this ineffectiveness resulted in a wrongful conviction.

> **C. GROUND THREE:** An attorney shall deliver to the client all papers and property which the client is entitled and otherwise endeavoring to minimize the possibility of harm, this is also part of DR-2-110.

Respondent has moved to dismiss the instant petition as having been untimely filed.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

Title 28 U.S.C. § 2244 provides that a petition for habeas corpus by a state prisoner must be filed within one year from the date on which direct review of the judgment was completed or the time to pursue such review expired.  Section 2244(d)(2) further provides that: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  However, once that time period is expired it cannot be revived by the filing of state collateral review proceedings.  Vroman v. Brigano, 346 F.3d 598, 601-602 (6th Cir. 2003), quoting Rashid v. Khulman, 991 F.Supp. 254, 259 (S.D.NY 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

The Ohio Supreme Court and the Sixth Circuit Court of Appeals have determined that a Rule 26(B) application to reopen an appeal is a collateral, post-conviction relief procedure.  Lopez v. Wilson, 426 F.3d 339 (6th Cir. 2005); Morgan v. Eads, 104 Ohio St.3d 142, 818 N.E.2d 1157 (2004). Accord, Chapman v. Moore, Case No. 1:04CV0361, 2005 U.S.Dist. LEXIS 33139 (N.D.Ohio December 15, 2005) (Judge Wells).  Thus, the filing of such an application would toll the running of the one year limitation period under §2244(d) while it is "actually pending" before the Ohio courts.  Bronaugh v. Ohio, 235 F.3d 280, 283-286 (6th Cir. 2000).

In the present case, petitioner's conviction became final 45 days after the March 29, 2004 state appellate court affirmance of his convictions on direct appeal, the date upon which petitioner would have had to file an appeal of that decision to the state supreme court. Rule II, § 2(A)(1) of the Rules of Practice of the Ohio Supreme Court. That date was May 13, 2004. When petitioner did not file such an appeal to the state supreme court, the one year limitations period within which his habeas petition was due to be filed began to run on the following day, May 14, 2004, Rule 6, Federal Rules of Civil Procedure, and continued to run for 168 days until October 28, 2004, when he filed his notice of appeal and motion for delayed appeal with the state supreme court.

The limitations period was tolled during the pendency of that motion (it was denied on December 15, 2004) and for the 90 day period within which a petition for writ of certiorari would have been due on March 15, 2005, and began to run again on March 16, 2005.

Assuming for the sake of argument that petitioner's October 18, 2004 *pro se* application to reopen his direct appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure, tolled the one-year limitation period, that motion was denied on November 4, 2004 and would only add ten days to the tolled period, the balance overlapping the tolling consequent to the pendency of the notice of appeal and motion for delayed appeal with the state supreme court. The additional ten days, if added to the tolled period, would not alter the outcome of this decision on timeliness.

Thus, even if the time period for filing this petition began to run on March 26, 2005 (instead of March 16, 2005), the time for filing would have been 197 days later, which was October 9, 2005, but because that was a Sunday the petition was due on Monday, October 10, 2005. Petitioner did not file the instant petition until November 8, 2005, which was beyond the limitations period.

Petitioner argues that he is entitled to equitable tolling of the AEDPA limitations period.

5

It is petitioner's burden to demonstrate the necessity of equitable tolling, which is infrequently applied by the courts.  Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004), cert. denied, 125 S.Ct. 200 (2004); McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003).  The following five-factor test is applied to determine whether to equitably toll the limitations period of the AEDPA: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.  Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001), cert. denied, 534 U.S. 1057 (2001).  "This list of factors is not necessarily comprehensive, and not all factors are relevant in all cases."  Vroman v. Brigano, 346 F.3d 598, 605 (6th Cir. 2003).  In addition, "absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." Id.

Neither an attorney's mistake nor ignorance of the law is a valid basis for demonstrating entitlement to equitable tolling.  Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004), (quoting Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir. 1991)); Jurado v. Burt, 337 F.3d 638, 644-645 (6th Cir. 2003).

Petitioner claims that equitable tolling should be applied by reason of the fact that he "was not aware of the limitations period and was not able to diligently pursue his claims as he had ineffective assistance of appellate counsel by his attorney and had no counsel after counsel filed her brief."  He claims further that respondent will have suffered no prejudice, in light of the fact that "Petitioner would have diligently pursued his constitutional claims within the limitations period had he known his appeal had been affirmed in a timely manner."

By at least October 28, 2004, the date upon which petitioner attempted to file a delayed

6

appeal with the state supreme court, he was aware that the state appellate court had rendered a decision.  That, coupled with the fact that ignorance of the law is not an excuse, defeats any claim of petitioner that equitable tolling should be applied.

Furthermore, although petitioner argues that refusal to consider the claims for relief raised in these proceedings will result in a fundamental miscarriage of justice due to his alleged actual innocence, in order to succeed on such a claim the petitioner would be required to establish the existence of reliable new evidence, being evidence which had been unavailable for presentation or improperly excluded in the state courts, which would have undermined confidence in the outcome of the trial, and which would have "[shown] that it is more likely than not that no reasonable juror would have convicted  [petitioner.]" Schlup v. Delo, 513 U.S. 298, 324-329 (1995).

Plaintiff argues that there were inconsistencies between the statements made by the victim and a witness to police after the robbery as memorialized in the police reports, and the statements they made during their trial testimony.  Those inconsistencies could have been unearthed at the time of trial, but were not, causing them to fall outside the category of "reliable new evidence."  As a consequence, petitioner has failed to provide a sufficient showing of actual innocence to warrant equitable tolling.

That being so, in light of all the foregoing the instant petition was untimely filed and, therefore, it is recommended that it be dismissed.


                                                  s/DAVID S. PERELMAN
                                                  United States Magistrate Judge

DATE:     September 27, 2006

**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).